IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,
STATE OF WISCONSIN,
STATE OF MINNESOTA, and
RICHARD FORREST

                    Plaintiffs and Relator,

v.

NEUROSCIENCE, INC.,
PHARMASAN LABS, INC.,
GOTTFRIED KELLERMANN, and
MIEKE KELLERMANN,

                    Defendants.

ORDER

13-cv-350-jdp

---

Pursuant to Federal Rule of Civil Procedure 41 and the False Claims Act, 31 U.S.C. § 3730(b)(1), the United States of America, defendants NeuroScience, Inc., Pharmasan Labs, Inc., Gottfried H. Kellerman, and Mieke Luyten Kellermann, and relator, Richard Forrest (collectively, the Settlement Parties), have reached an agreement to settle this case pursuant to a Settlement Agreement dated November 3, 2015, and filed with the court. Dkt. 27-1. The Settlement Parties agree that, except as specifically provided in the Settlement Agreement, each party will bear its own costs, expenses, and attorney fees. The Settlement Parties ask the court to retain jurisdiction to enforce the terms of the Settlement Agreement.

The court held a telephonic hearing on the matter on November 30, 2015, at which all parties were represented by counsel. Plaintiffs State of Wisconsin and State of Minnesota, through the offices of their attorneys general, indicated that they do not object to the settlement and dismissal of this case.

The Settlement Parties have also requested that certain specified case documents be unsealed, but that all other the case documents remain sealed. The State of Wisconsin and State of Minnesota join this request, which the court will grant provisionally, pending receipt of further justification for the continued sealing from the United States. The court will unseal any case document for which adequate justification for continued sealing is not provided.

Accordingly, IT IS ORDERED that the case is DISMISSED, with each party to bear its own costs, expenses, and attorney fees, except as explicitly set forth in the Settlement Agreement. This dismissal is: with prejudice as to any claim by the relator (other than claims by the relator arising from the Settlement Agreement); with prejudice as to the United States for any claim arising from "Covered Conduct," as that term is defined in the Settlement Agreement; and otherwise without prejudice.

IT IS FURTHER ORDERED that:

1. The relator's complaint, Dkt. 1, the Government's Notice of Election to Intervene, Dkt. 26, the Stipulation of Dismissal and Request to Unseal, Dkt. 27, the Settlement Agreement (and its Attachment A — Statement of Facts), Dkt. 27-1, and this order, will be unsealed as of the date of this order.

2. All other case documents and docket entries will provisionally remain sealed. The United States of America may have until December 7, 2015, to identify each case document or docket entry that it contends should remain under seal, with an explanation for why each item should not be open to the public. This filing may be made *ex parte*.

3. The court retains jurisdiction to enforce the terms of the Settlement Agreement.

Entered November 30, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2